**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18 cv 16**

| | |
|---|---|
| **RACHEL CARPENTER,** *as Administrator of* the Estate of Pedro Cruz-Amado, | ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) ) |
| **WILSON SCOTT TRAMMEL, et al.,** | ) ) |
| **Defendants.** | ) ) |

**CONSENT PROTECTIVE ORDER**

Documents and information have been and will be sought, produced or exhibited by and among the parties to the above captioned proceeding, which documents and/or information may relate to employee personnel matters that may be disclosed only under court order, pursuant to N.C. GEN. STAT. § 153A-98(c). The parties seek an order to comply with the statute.

By consent, IT IS HEREBY ORDERED THAT:

1. The parties agree that Defendants Trammel and Norman are "employees" as the term is used in N.C. GEN. STAT. § 153A-98, although they are not employees of Cleveland County. Personnel information is information which "by way of illustration but not limitation, [is information] relating to [an employee's] application, selection or non-selection, performance, promotions, demotions, transfers, suspension and other

disciplinary actions, evaluation forms, leave, salary, and termination of employment." N.C. GEN. STAT. § 153A-98(a).

2. Any such personnel information obtained in this action which is asserted by Defendants Wilson Scott Trammel or James Alan Norman to contain or constitute confidential personnel information, shall be clearly and prominently marked on its face with the legend: "CONFIDENTIAL, PROTECTIVE ORDER," or a comparable notice.

3. The CONFIDENTIAL INFORMATION shall not be otherwise reviewed, disclosed or released to anyone other than:

    a. Any party to this action;

    b. Counsel for any party, the legal associates, clerical or other support staff of such counsel assisting in preparation of this action;

    c. Agents, representatives and employees of either party, as is necessary to prepare this case for litigation, including mock jurors and/or juries, provided that no mock jurors or juries shall be permitted to maintain a copy of any evidence designated as Confidential Information; and that no Confidential Information may be disclosed to any juror/person until such person has read and signed a copy of this Order, thereby indicating his/her willingness to be bound by its provisions, which shall be maintained in confidence by the disclosing party subject to any order of disclosure by the court;

    d. Subject to the provision of ¶ 5 below, independent experts employed by counsel for the purpose of assisting in this action;

e. The court, appellate court, court reporter and courtroom personnel at any deposition, pretrial hearing, or other proceedings held in connection with this action;

f. Subject to ¶ 5 below, any potential witness as necessary to prepare this case for litigation; provided, that no such person shall be permitted to maintain a copy of any document designated as Confidential Information; and that no Confidential Information may be disclosed to any person under this paragraph – except during a deposition, at trial, or when such witness is otherwise testifying – until such person has read and signed a copy of this Order, thereby indicating his/her willingness to be bound by its provisions, which shall be maintained in confidence by the disclosing party subject to any order of disclosure by the court;

g. Any other person or entity to whom the Court orders or allows disclosure after notice and opportunity for hearing.

5. Disclosure of CONFIDENTIAL INFORMATION pursuant to this Order shall be handled as follows:

a. Any person described in subparagraphs 4(a), (b), (c), (e), and (g) of this Order is bound by the provisions of this Order without the necessity of executing a separate confidentiality agreement;

b. Prior to making disclosures to any person under the terms set forth in subparagraph 4(d) and (f) of this Order, the party disclosing the

CONFIDENTIAL INFORMATION shall inform any persons to whom disclosure is made that CONFIDENTIAL INFORMATION shall be used for the purposes of the prosecution or defense of this action only, and that said person shall be bound by the terms of this Order.

    c. All CONFIDENTIAL INFORMATION, and any documents containing information derived therefrom, including copies of such documents, shall be returned to counsel by persons given access to them as soon as practicable, but excluding any materials which in good faith judgment of counsel are work product materials. Counsel shall be permitted to maintain a file copy of all the documents subject to the terms of this Order.

6. The production or disclosure of CONFIDENTIAL INFORMATION pursuant to the terms of this Order by the producing party shall not be construed as prohibiting or restricting the use of CONFIDENTIAL INFORMATION during depositions, any hearing, the trial of this matter, or any appellate proceeding. Similarly, no party shall be deemed to have waived any objections as to the relevancy, admissibility, discoverability or any other objection under the Federal Rules of Civil Procedure or the Federal Rules of Evidence in connection with any proceeding in this action.

7. No CONFIDENTIAL INFORMATION produced pursuant to this Order shall be used for any purpose other than for relevant and proper conduct of this litigation.

8. If any such confidential documents or information are used in connection with a deposition or other discovery or documents filed with the court, or are quoted or referenced in any memorandum, pleading or other paper filed with the court, the deposition

transcript, filing or paper shall be submitted to the court with a request that the document be placed under seal and appropriately marked to indicate that the transcript, filing or paper is subject to the terms of this Order, or redacted so as to eliminate sensitive personal information.

9. The designation of documents or information as "CONFIDENTIAL INFORMATION" shall not be conclusive for purposes of the substantive issues in this case. In addition, any party is entitled to challenge, through an appropriate Motion to the Court, any designation herein by any other party at any time during this litigation. If a confidentiality designation is challenged, the party seeking to designate a document as confidential shall have the burden of proof with regard to that designation.

10. The inadvertent, unintentional or <u>in camera</u> disclosure of confidential documents and information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

11. Within fifteen (15) days after the entry of final judgment or dismissal in this litigation (including appeals or petitions for review), the parties' counsel, their staff, and all experts and/or consultants for the parties shall destroy all confidential documents produced pursuant to this Order; provided, counsel shall be permitted to maintain such documents for their case files, which shall continue to be subject to the terms of this Order.

12. Notwithstanding the foregoing, the ultimate disposition of protected materials is subject to a final order of the Court on the completion of litigation, and such order, should the same be entered, shall supersede and replace Paragraph 11 above, to the extent that it conflicts with a final order of the Court on the completion of litigation.

**IT IS SO ORDERED.**

Signed: June 27, 2018

Dennis L. Howell
United States Magistrate Judge

CONSENTED TO BY:          /s/ <u>Paul A. Tharp</u>
                              Attorney for Plaintiff

                          /s/ <u>Scott D. MacLatchie</u>
                              Attorney for Defendants

# EXHIBIT A

## Agreement concerning materials covered by a Protective Order

The Undersigned acknowledges that she/he has read the Protective Order entered by the Court dated _____, 2018, and understands the terms thereof, and agrees to be bound by such terms. The undersigned hereby acknowledges that she/he is subject to the jurisdiction of the Federal District Court for the Western District of North Carolina, Asheville Division, with regard to this Protective Order and understands (1) the violation of the Order shall subject the offender to such penalties, damages and other relief as may be permitted by law, and (2) that the jurisdiction of the Court regarding this Order survives any settlement, discontinuance, dismissal, judgment, or other disposition of this action.

_____
(Date)

_____
(Signature)

Subscribed and sworn before me,

This _____ day of _____, 20_____.

_____
NOTARY PUBLIC

My commission expires:_____