# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:18-cv-00016-MR-DLH

| | |
|---|---|
| RACHEL CARPENTER, as Administratrix of the Estate of PEDRO CRUZ-AMADO, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>WILSON SCOTT TRAMMEL, et al., )<br>)<br>Defendants. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's Sealed Motion to Compel Discovery [Doc. 21] and the Plaintiff's Brief in Support of Sealed Motion to Compel Discovery [Doc. 22].

The Plaintiff filed her Motion to Compel Discovery, a brief in support, and numerous exhibits under seal without first seeking leave of Court. Under Local Civil Rule 6.1(b), materials may be filed under seal only with leave of Court, unless otherwise allowed by a statute or in accordance with a previously entered protective order which allows for such filing. LCvR 6.1(b). The Court is not aware of any statute which would allow for the filing of the Plaintiff's Motion to Compel under seal. Further, the Protective Order previously entered in this matter does not allow for the filing of sealed

documents without first seeking leave of Court. [See Doc. 18]. Accordingly, the Plaintiff was required to seek leave of Court prior to filing these pleadings under seal.

Because leave of Court was not sought as required, the Court will allow the Plaintiff an opportunity to withdraw her motion and supporting materials. If the pleadings are not withdrawn, they will be subject to being unsealed.

If the Plaintiff chooses to refile her Motion to Compel, it should be resubmitted along with a separately filed motion to seal as contemplated by LCvR 6.1(c). Such motion must set forth: (1) a non-confidential description of the material sought to be sealed; (2) a statement indicating why the sealing of each individual filing is necessary and why there are no alternatives to filing under seal; (3) how long the party seeks to have the materials maintained under seal; and (4) supporting citations to case law, statutes or other authority. Id.

The Court cautions the Plaintiff that any sealing that is requested should be tailored as narrowly as possible. The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings. Doe v. Public Citizen, 749 F.3d 246, 265 (4th Cir. 2014). "The common-law presumptive right of access extends to all judicial documents

and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" <u>Id.</u> at 265-66 (quoting in part <u>Rushford v. New Yorker Magazine, Inc.</u>, 846 F.2d 249, 253 (4th Cir. 1988)). The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" <u>Id.</u> at 266 (quoting in part <u>In re Wash. Post Co.</u>, 807 F.2d 383, 390 (4th Cir. 1986)).

The Court anticipates that the Plaintiff will seek leave to file her motion under seal because it relates to Defendant Wilson Scott Trammel's medical and psychological records and the Plaintiff's alleged need for access to such records. As written, the Plaintiff's motion to compel is 13 pages long and goes into great detail about the merits of the Plaintiff's request for relief. That motion is then supported by a separate brief. While the particulars of Defendant Trammel's medical and psychological history *may* be subject to protection from public disclosure[1], the Plaintiff should be able to draft a motion to compel that does not directly address any protected information. The motion to compel should simply state the general basis for the relief

---

[1] The Court expresses no opinion at this time regarding this issue.

sought.  Any confidential or sensitive information can then be addressed in the accompanying brief, but only to the extent that such information is necessary to a determination of the issues presented.

If the Plaintiff seeks to file her brief under seal, consideration should be given to whether a redacted version of such brief can be made available for the public record.  See United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018) (allowing defendant in criminal case to file sealed sentencing memorandum but requiring him to also file a publicly accessible redacted version).  As for any exhibits filed in support of the motion, the Plaintiff should take note that personal identifiers, such as home addresses or Social Security numbers, may simply be redacted from an exhibit without an unredacted version being filed under seal.  See Administrative Procedures Governing Filing and Service by Electronic Means, at 29-31 (W.D.N.C. rev. Jan. 1, 2018), available at the Court's website at: http://www.ncwd.uscourts.gov/court-info/local-rules-and-orders/local-rules (last visited Oct. 2, 2018).

Additionally, the Plaintiff should carefully review any exhibits submitted in support of the motion to ensure that restricted public access is even required.  A cursory review of the exhibits filed in support of the Motion to Compel indicates that many of these exhibits are discovery requests which

were propounded and objected to. While the discovery requests may *request* confidential information, the discovery requests themselves (and the objections thereto) do not appear to contain any confidential or sensitive information which would warrant sealing.

While the Court is aware that this case involves many sensitive issues, the Court also recognizes that this is a case of significant public concern. The Court will not permit the parties to try this case in secret.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff shall have five (5) business days from the entry of this Order to withdraw her Motion to Compel and the brief and exhibits filed in support thereof [Docs. 21, 22] and to refile the same along with a properly supported motion to seal. If the Plaintiff chooses not to withdraw her motion, the motion and supporting documents [Docs. 21, 22] will be unsealed in their entirety.

**IT IS SO ORDERED.**

Signed: October 3, 2018

Martin Reidinger
United States District Judge