# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:18 CV 16

| | |
|---|---|
| **RACHEL CARPENTER,** as *Administratrix of the Estate of Pedro Cruz-Amado,*<br><br>**Plaintiff,**<br><br>v.<br><br>**WILSON SCOTT TRAMMEL**, *in his Individual and Official capacities as a Deputy of the Cleveland County Sheriff's Department*, **JAMES ALAN NORMAN**, *in his Individual Capacity and in his Official Capacity as Sheriff of Cleveland County*, **THE COUNTY OF CLEVELAND**, a *North Carolina Municipality*, **and LIBERTY MUTUAL INSURANCE COMPANY**, *as surety*,<br><br>**Defendants**. | **ORDER** |

This matter is before the Court on Plaintiff's Motion to Compel Discovery (Doc. 21).[1] The issues have been fully briefed, and the matter is ripe for ruling. As discussed below, Plaintiff's Motion is **GRANTED IN PART** and **DENIED IN PART**.

## I.   Background

Plaintiff, acting as the administratrix of her son's estate, filed this action on January 25, 2018. See Compl. (Doc. 1). In summary, Plaintiff alleges that Defendant Wilson Scott

---
[1] Plaintiff's Motion was originally filed as a sealed Motion. It was subsequently unsealed pursuant to the Court's Order and Plaintiff's Notice of Intent Not to Withdraw Motion. See (Docs. 23, 24).

Trammel, a deputy with the Cleveland County Sheriff's Department, shot her unarmed son, Pedro Cruz-Amado, to death in the front yard of his home. Id. ¶¶ 28, 29. Named as defendants are Deputy Trammel, in his individual and official capacities, Cleveland County Sheriff James Alan Norman, in his individual and official capacities, Cleveland County, and Liberty Mutual Insurance Company, which is Sheriff Norman's bond company. Id. ¶¶ 5, 10-11, 13-14, 25.

Plaintiff's Complaint contains the following claims:

- Wrongful death: Negligence/gross negligence of Defendant Cleveland County;

- Wrongful death: Official capacity claim against Defendant Norman;

- Negligence/gross negligence: Individual and official capacity claims against Defendant Trammel;

- Assault and battery: Individual and official capacity claims against Defendant Trammel;

- "Acts of Malice and Acts Beyond Scope of Duties";

- Punitive Damages;

- Violation of Civil Rights under 42 U.S.C. § 1983 against all Defendants;

- Pattern and Practice under 42 U.S.C. § 1983 against all Defendants;

- Deliberate Indifference under 42 U.S.C. § 1983 against all Defendants;

- Inadequate Training and Supervision under 42 U.S.C. § 1983 against Defendants Norman and Cleveland County;

- North Carolina Constitutional claim against Defendants Trammel, Norman, and

2

Cleveland County; and

- Action on Sheriff's Bond against Defendant Liberty Mutual Insurance Company.

See Compl. (Doc. 1).[2]

On March 15, 2018, Plaintiff served requests for production on Cleveland County and Deputy Trammel, which included a request for "copies of any and all personnel records or documents of any kind or character related to…Defendant Wilson Scott Trammel, including but not limited to… any psychological evaluations[.]" Mot. Compel (Doc. 21) Exs. A, E.

In response, Cleveland County objected to the production of any of Deputy Trammel's personnel records until a protective order was entered. Id. at 6. Deputy Trammel likewise refused to provide his personnel records. Id. at 7.

A consent Protective Order was entered on June 27, 2018. (Doc. 18).

On July 18, 2018, Plaintiff received video and audio of an interview Deputy Trammel had given in 2016 with an agent of the North Carolina State Bureau of Investigation. Mot. Compel (Doc. 21) at 7. Based on a statement Deputy Trammel made in the interview regarding medication he took on the day of the shooting, counsel for Plaintiff asked that Deputy Trammel's "medical history" be produced along with his personnel records. Id.

---

[2] Defendants' Motion for Partial Summary Judgment is pending before the presiding District Judge, the Honorable Martin Reidinger. The motion seeks the dismissal of the following: 1) all claims against Deputy Trammel in his official capacity; 2) all claims against Sheriff Norman in his individual capacity, the official capacity claim against Sheriff Norman for negligent hiring, training, and supervision in Count Two, and all federal claims against him in his official capacity; and 3) all claims against Cleveland County. See (Doc. 28).

Plaintiff subsequently received Deputy Trammel's personnel records and his "medical history," though these materials did not include records relating to any psychological treatment. Id. at 7-8.

During Deputy Trammel's deposition on August 13, 2018, Plaintiff obtained information regarding Deputy Trammel's history of psychological treatment, which began before he was hired and placed in the field as a patrol officer, as well as his ingestion of 100 mg of Celexa, the brand name for a selective serotonin reuptake inhibitor (SSRI) substance called citalopram hydrobromide, on the day of the shooting. Id. at 8-9.

Plaintiff has engaged a potential expert witness, Peter R. Breggin, M.D., who is expected to testify regarding the effects of Celexa on a human being, including that Deputy Trammel's ingestion of Celexa may have played a significant role in the shooting of Mr. Cruz-Amado, and that Deputy Trammel's use of another antidepressant may have exacerbated the effects of the Celexa.[3]  Pl.'s Br. Supp. (Doc. 22) at 2.  Dr. Breggin states that to conduct a proper investigation and render his opinions, he needs Deputy Trammel's medical records, including pharmacy records, work records, school records, and interviews with people who knew him. Id. at 2-3.

On August 20, 2018, Plaintiff served a Second Request for Production to Deputy Trammel which requested the following:

> Any and all medical records of yours, from 21 June 2006 through the present date, including but not limited to any and all records relating to any symptoms or diagnoses for which you were prescribed any psychiatric

---

[3] A motion to exclude the testimony of Dr. Breggin is also pending before Judge Reidinger. See (Doc. 30).

> medication including but not limited to Celexa (citalopram hydrobromide), and any and all pharmacy records associated with any treatment.

Id. at 3 (citing Ex. E at 7 ¶ 8). A First Request for Production to Sheriff Norman similarly requested "all medical and/or pharmacy records relating to Defendant Trammel." Id. at 3 (citing Ex. G at 8 ¶ 1). Both Deputy Trammel and Sheriff Norman objected and refused to provide the records. Id. at 4 (citing Ex. F at 1 ¶ 8; Ex. H at 1 ¶ 8).

On September 28, 2018, Plaintiff filed the instant Motion to Compel Discovery, which requests that Defendants be directed to provide medical and pharmacy records for Deputy Trammel from ten years prior to the shooting to the present. Pl.'s Mot. Compel (Doc. 21) at 12. Plaintiff further requests that she be reimbursed for the costs and fees associated with compelling this discovery from Defendants. Id.

## II. Legal Principles

Under Rule 26 of the Federal Rules of Civil Procedure,

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

A district court has broad discretion in managing discovery, Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995), including the "discretion to determine whether discovery is relevant to a party's claim or defense." Serum Source Int'l, Inc. v. GE Healthcare Bio-Sciences Corp., No. 3:16CV471, 2017 WL

5

915132, at *1 (W.D.N.C. Mar. 8, 2017) (citing <u>Watson v. Lowcountry Red Cross</u>, 974 F.2d 482, 489 (4th Cir. 1992)).

A party resisting discovery bears the burden of persuasion. <u>Kinetic Concepts, Inc. v. ConvaTec Inc.</u>, 268 F.R.D. 226, 243 (M.D.N.C. 2010).

> [W]hen challenged, threshold or apparent relevance must be established and, if established, the burden shifts to the resisting party to show lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption of broad discovery.
>
> <u>Desrosiers v. MAG Indus. Automation Sys., LLC</u>, 675 F. Supp. 2d 598, 601 (D. Md. 2009).

Rule 37 provides that, if a motion to compel

> is granted—or if the . . . requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party. . . whose conduct necessitated the motion, the party or the attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. P. 37(a)(5)(A). However, payment is not required if the opposing party's nondisclosure was "substantially justified" or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii).

### III. Discussion

#### A. Plaintiff's Requests for Production

Defendants argue that Deputy Trammel's use of medication is not relevant to the lawfulness of his use of deadly force because the analysis turns on "objective reasonableness." Defs.' Oppos. (Doc. 25) at 2-3. In support of this argument, Defendants

cite various cases finding that the mental status of an officer in an excessive force case is not relevant to an inquiry into his actions at the time of the alleged misconduct. Id. at 2.

Other opinions, however, have concluded that an officer's psychological status may be relevant. For example, in Miller v. Pancucci, 141 F.R.D. 292, 295-96 (C.D. Cal. 1992), the court indicated that it could "discern few more relevant documents" than those sought by certain document requests, which included psychiatric-psychological records of the defendant police officers, finding that they may be relevant for claims against the involved municipality under Monell v. New York City Dept. of Social Services, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). In Soto v. City of Concord, 162 F.R.D. 603, 618 (N.D. Cal. 1995), the court found that records of defendants' mental or psychological conditions were relevant to an excessive force claim and concluded that the records "may also be relevant to claims against the individual officer-defendants, as such defendants may assert certain immunities which require an evaluation of the officers' subjective state of mind." In Dorato v. Smith, 163 F. Supp. 3d 837, 884 (D.N.M. Dec. 11, 2015), the court found that evidence of the defendant officer's psychological health was relevant to his credibility as a witness.

Here, Deputy Trammel's records could be relevant to numerous claims and defenses. For example, Plaintiff's Eighth Claim alleges that "Defendants Norman and County are responsible for the deprivation of Pedro's constitutional rights . . . because Defendant Trammel executed Defendants' policy or custom as stated by those whose edicts or acts may fairly be said to represent the official policy of Defendant County when Defendant Trammel shot and killed Pedro." Compl. ¶ 101; see also Reaves v. Hous. Auth.,

No. 3:10CV662-RJC-DSC, 2012 WL 1032770, at *2 (W.D.N.C. Feb. 16, 2012), report and recommendation adopted, 2012 WL 1032748 (W.D.N.C. Mar. 27, 2012) ("Two elements are required to properly plead and later establish municipal liability: (1) that plaintiffs' harm was caused by a constitutional violation; and (2) if so, that the municipality is responsible for that violation. A municipality is responsible only when it inflicts injury through execution of a government policy or custom, whether made by its lawmakers or by those whose acts may fairly be said to represent official policy.")

Plaintiff further alleges that she is entitled to punitive damages against each Defendant. Id. at ¶ 18, 77, 85, 90-93, 106.

For their part, Defendants have raised the defense of public official immunity with respect to the state law claims that have been asserted against the individual Defendants. See Answer (Doc. 4) at 4. While the defense of qualified immunity "generally turns on the 'objective reasonableness' of the actions" without regard to the knowledge or subjective intent of the particular official, see Parker v. Corpening, No. 1:16-CV-23-FDW, 2018 WL 6790489, at *10 (W.D.N.C. Dec. 26, 2018) (quoting Am. Civil Libs. Union of Md., Inc., v. Wicomico County, Md., 999 F.2d 780, 784 (4th Cir. 1993) (quoting Anderson v. Creighton, 483 U.S. 635, 639 (1987) (internal citations omitted)), the defense of public official immunity under North Carolina state law "examines the officer's subjective state of mind." Smith v. Garcia, No. 5:08-CV-577-D, 2010 WL 3361653, at *4 (E.D.N.C. Aug. 20, 2010) (citing Andrews v. Crump, 547 S.E.2d 117, 123 (N.C. Ct. App. 2001)).

It also appears from the allegations in Plaintiff's Complaint that the credibility of the testimony of Deputy Trammel may be an important factor at trial given the limited

number of witnesses to the shooting.

Defendants will therefore be directed to produce materials regarding Deputy Trammel, though they will not be required to produce records covering the entire period requested by Plaintiff.[4]

B. **Expenses and Fees**

In its discretion, at this time the Court will deny without prejudice Plaintiff's request for an award of expenses and fees associated with compelling the requested discovery from Defendants. However, Plaintiff will be given leave to file a renewed motion seeking all related attorney's fees and costs if Defendants fail to supplement their discovery responses as directed herein.

**IV. Conclusion**

Plaintiff's Motion to Compel Discovery (Doc. 21) is hereby **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Plaintiff's Motion to Compel is **GRANTED** and Cleveland County, Deputy Trammel, and Sheriff Norman are **DIRECTED** to produce medical and pharmacy records and information for Deputy Trammel as sought by Plaintiff's document requests. In particular, Cleveland County is directed to respond to Plaintiff's First Request for Production ¶ 7; Deputy Trammel is directed to

---

[4] Defendants also argue that Deputy Trammel's medical records are not relevant to Plaintiff's allegations of negligent hiring, retention, and supervision because Defendants concede that Deputy Trammel "acted under color of law and within the course and scope of his employment." Defs.' Oppos. (Doc. 25) at 4-8 (citing Answer (Doc. 4) ¶ 11). In light of the conclusion that the records sought are discoverable for other purposes, the Court need not address this argument.

respond to Plaintiff's First Request for Production ¶ 6 and Plaintiff's Second Request for Production ¶ 8; and Sheriff Norman is directed to respond to Plaintiff's First Request for Production ¶ 1.[5] This production shall cover only the period January 1, 2013 through the present and shall be made on or before February 1, 2019;

2. To the extent Plaintiff's Motion to Compel requests an award of attorney's fees and costs, the Motion is **DENIED WITHOUT PREJUDICE**. If Defendants fail to produce the materials as directed herein, Plaintiff may file a renewed motion seeking all related attorney's fees and costs; and

3. Plaintiff's Motion to Compel is otherwise **DENIED**.

Signed: January 9, 2019

W. Carleton Metcalf
United States Magistrate Judge

---

[5] In light of the parties' previous agreement that the documents supporting Plaintiff's Motion to Compel need not be sealed, see Doc. 24, as well as the lack of reference in Defendants' Opposition to Plaintiff's Motion to Compel (Doc. 25) to concerns about the confidentiality of Deputy Trammel's information should production be ordered, the Court presumes that if such concerns exist, the parties will address them among themselves or by way of a motion, should Court intervention be requested.