# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:18-cv-00016-MR-WCM

| | |
|---|---|
| RACHEL CARPENTER, as Administratrix of the Estate of PEDRO CRUZ-AMADO, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) **MEMORANDUM OF**<br>) **DECISION AND ORDER**<br>) |
| WILSON SCOTT TRAMMEL, et al., | )<br>) |
| Defendants. | ) |

**THIS MATTER** is before the Court on the Defendants' Motion to Exclude Peter Breggin, M.D., from Testifying as Plaintiff's Expert [Doc. 30] and the Plaintiff's Motion to Supplement Expert Report [Doc. 42].

## I. PROCEDURAL BACKGROUND

This is an excessive force case arising from a Cleveland County Sheriff's Deputy, Defendant W. Scott Trammel ("Defendant Trammel"), shooting and killing Pedro Cruz-Amado ("Amado") in his front yard on June 21, 2016. The Plaintiff, Rachel Carpenter, as the Administratrix of the Estate of Pedro Cruz-Amado ("Plaintiff"), brought this action on January 25, 2018. [Doc. 1].

On February 16, 2018, the Defendants filed their Answer. [Doc. 4]. On March 12, 2018, the Pretrial Order and Case Management Plan ("Pretrial Order") was entered in this case, which among other things set the deadlines for the service of the parties' expert reports. [Doc. 9]. The original deadlines for the Plaintiff's and Defendant's expert reports were July 1, 2018, and August 1, 2018, respectively. [Id.]. The Pretrial Order set the motions deadline in this case as December 1, 2018. [Id.]. On March 15, 2018, Plaintiff served on the Defendants Trammel and Cleveland County her First Requests for Production of Documents. [Docs. 21-1 and 21-3]. Outside of requests for records related to any "psychological evaluations" that were a part of Defendant Trammel's personnel records, the Plaintiff made no request for any medical or pharmacy records of Defendant Trammel in this request. [See id.].

On June 22, 2018, the Court granted the Plaintiff's motion to extend the deadline to file her expert reports, thereby extending the Plaintiff's deadline to August 1, 2018 and the Defendant's deadline to September 1, 2018. [Doc. 14]. On July 31, 2018, the Court granted another motion by the Plaintiff to extend the deadline to file her expert reports to September 1, 2018 and October 1, 2018. [Doc. 20]. On August 20, 2018, after learning through other discovery of possible prescription medication use by Defendant

2

Trammel at the time of the shooting, the Plaintiff served a Second Request for Production on Defendant Trammel, requesting his medical records from the ten years prior to the shooting to the date of the request. [Doc. 21-5 at 7]. Defendant Trammel objected to this request. [Doc. 21-6].

On August 31, 2018, the Plaintiff served her expert witness disclosures on Defendant, which included an expert report by Peter Breggin, M.D. (the "Report"), a psychiatrist from Ithaca, New York, dated August 24, 2018. [Doc. 31 at 1]. On September 28, 2018, the Plaintiff moved the Court to compel production of Trammel's medical and pharmacy records that had been previously requested. [Doc. 21]. The Magistrate Judge granted the Plaintiff's motion to compel but limited the production to the period from January 1, 2013 "through the present." [Doc. 41].

On November 30, 2018, the Defendants filed a motion for partial judgment [Doc. 28] and a motion to exclude Dr. Breggin from testifying at trial [Doc. 30]. On March 18, 2019, the day before the hearing on the Defendants' motions, the Plaintiff filed a motion to file a supplemental expert report by Dr. Breggin. [Doc. 42]. These motions were heard by the Court on March 19, 2019.

At the hearing, the Court advised the parties that it would reserve its ruling on the Defendants' motion to exclude Dr. Breggin and allow the parties

3

to re-brief the issue, either as a motion *in limine* or a <u>Daubert</u> motion. Accordingly, the Defendants' Motion to Exclude Peter Breggin, M.D., from Testifying as Plaintiff's Expert [Doc. 30] is hereby denied without prejudice. Thus, the only motion that remains for disposition in the Plaintiff's motion to supplement Dr. Breggin's expert report.

**II.   DISCUSSION**

The Pretrial Order in this case, as modified by Court order, provided that reports for Plaintiff's retained experts under Rule 26(a)(2) of the Federal Rules of Civil Procedure were due by September 1, 2018. [Docs. 9, 20]. The Pretrial Order further provided that "[s]upplementations under Rule 26(e) shall be ongoing throughout these proceedings." [Doc. 9 at 4].

Rule 26(a)(2) requires the parties to disclose any experts witnesses it intends to use at trial to the other parties. Fed.R.Civ.P. 26(a)(2)(A). Rule 26(a)(2)(B) requires as follows:

> Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case…. The report must contain:
>
> (i)   A complete statement of all opinions the witness will express and the basis and reasons for them;

4

> > (ii) The facts or data considered by the witness in forming them;
> >
> > (iii) Any exhibits that will be used to summarize or support them;
> >
> > (iv) The witness's qualifications, including a list of all publications authored in the previous 10 years;
> >
> > (v) A list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> >
> > (vi) A statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). Rule 26(e) requires parties to supplement or correct previous discovery responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect…." Fed. R. Civ. P. 26(e)(1). Further, with respect to an expert whose report must be disclosed under Rule 26(a)(2)(B), "the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition." Fed. R. Civ. P. 26(e)(2).

Rule 37 of the Federal Rules of Civil Procedure allows the Court to exclude evidence at trial that is not disclosed as required by Rule 26(a) or 26(e)(1). Fed. R. Civ. P. 37(c)(1). Rule 37(c)(1), however, provides two exceptions to the general rule excluding evidence that a party seeks to offer but has failed to properly disclose: (1) when the failure to disclose is

substantially justified, and (2) when the nondisclosure is harmless. <u>Southern States Rack and Fixture, Inc. v. Sherwin-Williams Co.</u>, 318 F.3d 592, 596 (4th Cir. 2003).

The Plaintiff served the report of her expert, Dr. Breggin, on August 24, 2018. In that Report, Dr. Breggin states that he "[had] been asked to do a very preliminary report" "[o]n an expedited basis" in respect to the shooting death of Amado on June 21, 2016 by Defendant Trammel in Defendant Trammel's capacity as a Cleveland County Sheriff's Deputy. [Doc. 30-1 at 2]. The Report further provides as follows:

> The aim of my report is to determine if my special expertise as a psychiatrist with a subspecialty in clinical psychopharmacology might be of potential use in evaluating this case further.
>
> My examination focused on the potential impact of taking the selective serotonin reuptake inhibitor (SSRI) antidepressant Celexa (citalopram) and the non-SSRI antidepressant trazodone on the behavior of Deputy Trammel at the time of the shooting. It also focused on the potential impact of Mr. Cruz-Amado's diagnosed mental disorders and several medications at the time he was shot to death.
>
> **<u>My opinions are very preliminary, based on the limited time and limited materials available</u>**; but I have found sufficient information to indicate that a thorough evaluation will produce facts and opinions relevant to the case and useful to the trier of the facts.
>
> **<u>In the conclusion, I will list further materials required for a full evaluation</u>**.

[Doc. 30-1 at 2 (emphasis added)].

The Defendants have moved to exclude Dr. Breggin from testifying at the trial in this matter, arguing that his opinions are not relevant and that his report does not satisfy the requirements of Rule 26(a)(2)(B). [Doc. 31 at 2-8]. On March 18, 2019, the day before the hearing in this matter and well over three months after the motions deadline, the Plaintiff moved for leave to file a supplemental expert report. As grounds, the Plaintiff argues that she did not receive Defendant Trammel's medical and pharmacy records before the twice-extended expert report deadline. The Plaintiff argues Dr. Breggin needed these records "to render expert testimony and conclusions specific to this case." [Doc. 43 at 3].

The Plaintiff blames Defendant for the fact of not receiving Defendant Trammel's records until after the expert report deadline. The Court, however, finds that the timing of the Plaintiff's receipt of these records is simply a consequence of the way the Plaintiff has prosecuted this action. The Plaintiff did not propound her first request for information or documents regarding Trammel's medications until August 20, 2018, a little over two months before the discovery deadline and only twelve days before the

7

deadline for expert reports.[1] The Plaintiff argues that she did not know until Trammel's August 13, 2018 deposition that Trammel had "treated longstanding psychological issues with one or more psychiatric medications, and that on the date [Trammel] shot and killed [Amado], [Trammel] said he ingested 100 mg of [the antidepressant] Celexa." [Doc. 43 at 2]. The Plaintiff claims that the Defendants delayed in producing medical records that would have revealed Defendant Trammel's medication usage sooner. It was not the Defendants' duty, however, to provide the Plaintiff with Defendant Trammel's personal and sensitive medical information without a proper request by the Plaintiff. Even then, requiring the Plaintiff to demonstrate the relevancy of such information to the Court was appropriate. It is the Plaintiff's duty to conduct discovery in a manner that is designed to obtain information and documents in ample time to develop her case and to devise theories for trial. The Plaintiff, however, waited over five months after the Pretrial Order was entered to request Trammel's medical and pharmacy records.

Additionally, rather than seek another extension of the expert report deadline so that Dr. Breggin could have the medical and pharmacy records necessary to render an opinion "specific to this case," the Plaintiff instead

---

[1] This was already nearly two months past the original deadline for expert reports.

chose to serve Dr. Breggin's "very preliminary" Report by the September 1, 2018 deadline.

Furthermore, if the Court were to allow the motion to supplement the expert report, the Defendants would be undoubtedly and unduly prejudiced. The Plaintiff's motion was made nearly four months after the motions' deadline in this case. Allowing the Plaintiff to supplement her expert report now would require the Defendants to seek counter experts and to depose Dr. Breggin, and in many ways, would redirect the case in a way that is not supported by the pleadings. The Plaintiff's failure to timely disclose Dr. Breggin's opinions was neither substantially justified nor harmless. See Southern States, 318 F.3d at 596.

For these reasons, the Plaintiff's motion to file a supplemental expert report is denied.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Defendants' Motion to Exclude Peter Breggin, M.D., from Testifying as Plaintiff's Expert [Doc. 30] is **DENIED WITHOUT PREJUDICE** to renewing the motion at trial.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion to Supplement Expert Report [Doc. 42] is **DENIED**.

**IT IS SO ORDERED.**   Signed: May 13, 2019

Martin Reidinger
United States District Judge